IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KYLE A. PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-CV-1122-MAB |
| | ) |
| JOHN BALDWIN, ANITA BAZILE-SAWYER, and JULIE THOMPSON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on a motion to dismiss for lack of prosecution filed by Defendants (Doc. 48).

Plaintiff Kyle Parker filed this action in May 2018 pursuant to 42 U.S.C. § 1983 alleging prison officials at Southwestern Illinois Correctional Center violated his constitutional and statutory rights to practice his religion and punished him for engaging in the practice of his faith (Doc. 1, Doc. 7). In November 2018, Plaintiff filed a Notice of Change of Address with the Court (Doc. 31). He indicated that he was being released from the Illinois Department of Corrections on November 9, 2018, but was being extradited to Vigo County, Indiana to deal with a pending probation violation there (Doc. 31). He was unsure how long he was going to be in the Vigo County Jail, so he also gave the Court his permanent address in Villa Park, Illinois and asked that all mail be sent there (Doc. 31).

Discovery was supposed to proceed throughout 2019 and end on January 15, 2020

(Doc. 35; Doc. 44). On December 4, 2019, Defendants served a notice of deposition on Plaintiff (Doc. 48-1). The deposition was set to be taken on January 9, 2020, but Plaintiff failed to appear (Doc. 48-2). Four days later, Defendants filed their motion to dismiss for lack of prosecution (Doc. 48). Plaintiff had thirty days to respond to the motion. SDIL-LR 7.1(c). To date, Plaintiff has not filed a response. In fact, the Court has not heard from Plaintiff in any capacity since he filed the Notice of Change of Address in November 2018, some sixteen months ago.

Federal Rule of Civil Procedure 37(d)(1)(A)(i) permits a court to sanction a party who after being properly served fails to appear for a deposition. FED. R. CIV. P. 37(d)(1)(A)(i). Such sanctions can include dismissal of the proceeding. FED. R. CIV. P. 37(b)(2)(A)(v). Additionally, under Rule 41(b), a Court may dismiss an action for failure of the plaintiff to prosecute or comply with a court order. FED. R. CIV. P. 41(b).

Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. But those difficulties do not excuse him from complying with the Federal Rules of Civil Procedure or court-imposed deadlines. Plaintiff failed to appear for his deposition, failed to respond to the motion to dismiss, and as far as the Court can tell, has made no effort in over a year to continue litigating this case. Under these circumstances, the Court can only conclude that Plaintiff is no longer interested in pursuing this litigation, and the Court is convinced that dismissal is appropriate. Defendant's motion to dismiss (Doc. 48) is **GRANTED**, and this action is **DISMISSED with prejudice** pursuant to Rule 37(d) and Rule 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

# NOTICE

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R.APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R.APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

IT IS SO ORDERED.

DATED: February 28, 2020

                **s/ Mark A. Beatty**
                **MARK A. BEATTY**
                **United States Magistrate Judge**